### AMBROSE MORIARTY

*v.*

### PAUL STOFFERAN.

1. REPLEVIN—*plaintiff must have right of possession.* In an action of replevin, it is essential that the plaintiff should be entitled to the possession of the property at the time when the writ is sued out.

2. Where a party is induced to sell property and take a note of the purchaser, and another, upon false and fraudulent representations as to the amount of property owned by the security, he may rescind the contract by offering to return the note, but he can not maintain replevin for the property sold until he does do so, and demands the property.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was an action of replevin, brought by Stofferan against Moriarty. The property claimed consisted of a pair of mules and a mare. Stofferan sold the property to Moriarty at the price of $310, on a credit of one year, and to secure the payment of the price accepted a promissory note, signed by Moriarty and McInerny. The plaintiff claimed, upon the trial, that in negotiating the trade, Moriarty and McInerny assured him that McInerny was the owner of eighty acres of land, free from incumbrance. The defendant claimed that the representation made on that subject was simply that he was the owner of eighty acres of land. The proof showed that McInerny owned eighty acres of land, but it was subject to an incumbrance of a mortgage for $1000, and the only material fact in dispute between the parties on the trial was, whether the representation was or was not made by Moriarty and McInerny that the land was free from incumbrance.

The plaintiff, upon ascertaining, as he supposed, that he had been deceived in relation to the responsibility of McInerny, proceeded immediately to sue out a writ of replevin, and did not demand a return of the property or offer to rescind the contract and surrender the note, until after the writ of re-

plevin was issued and the sheriff had gone to the residence of Moriarty for the purpose of seizing the property. Stofferan recovered in the circuit court, and Moriarty appeals to this court.

Mr. M. B. WRIGHT, and Mr. ROBERT DOYLE, for the appellant.

Messrs. BLADES, KAY & EVANS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In an action of replevin it is essential that the plaintiff should be entitled to the possession of the property at the time when the writ is sued out. Assuming the plaintiff's version of the facts to be true, he was not entitled to the possession of this property at the time that he commenced his action. If his allegations be true, he undoubtedly had a right to rescind the contract by offering to return the note. He, however, was not in a condition to bring his action until he had offered to return the note and demanded the property.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*