JOHN V. FARWELL *et al.*

*v.*

SETH F. HANCHETT *et al.*

*Filed at Ottawa May 12, 1887.*

120  573
128   18
29a 392

120  573
35a 612

120  573
38a 165

120  573
141  662

120  573
157  566

120  573
57a 322
58a 180

120  573
66a 452

120  573
d94a [5]548

120  573
99a [3]187

1. RESCISSION OF SALE *for fraud of the purchaser—demand for return of the property.*  Where goods are obtained by a vendee through fraud, the vendor may rescind the sale, and maintain trover or replevin for their recovery, against the fraudulent vendee, or any other person not holding them as an innocent purchaser, without any previous demand for their return.

2. SAME—*placing vendee in statu quo.*  If the vendor of goods takes the vendee's note for the purchase money, he must surrender or offer to return the same before he can rescind the sale for fraud, and maintain an action to recover the goods.

3. SAME—*false pretences—whether essential to right of rescission.*  The purchase of goods by one who, at the time, intends not to pay for them, is such a fraud as will entitle the vendor to avoid the sale, although there were no fraudulent misrepresentations or false pretences.

4. In an action by the vendor of goods to avoid a sale thereof on the ground of fraud, it is error to instruct the jury that the burden of proof is on the plaintiff to prove, by a preponderance of the evidence, that the defendant bought the goods in controversy from the plaintiff, and that the defendant used means to deceive, and did deceive, the plaintiff, and that he did not intend to pay for the goods when he bought them.  The purchase of the goods without intending to pay for them is sufficient to avoid the sale, without proof of anything else.

5. REPLEVIN—*whether demand necessary.*  No demand is required before bringing replevin for the recovery of goods, the possession of which has been wrongfully obtained from the plaintiff by fraud.  Such demand is not required to be made of a fraudulent vendee, nor of the sheriff having taken possession of the goods under an execution against such vendee.

6. SAME—*when the right must have accrued—as respects the judgment—retorno habendo, etc.*  Where the plaintiff was not entitled to the possession of the chattels at the time of bringing his suit, but before judgment becomes entitled to such possession, judgment should be given against him for the costs, and such damages as the defendant may have sustained, without any award for a return of the property.

7. Where the vendor of goods, before rescinding the sale for fraud, brought replevin for the same, but on the trial produced and offered to surrender to the vendee, who was also a defendant, the note given by him for

the price of the goods, it was *held,* that if the purchase was fraudulent, the surrender of the note had the effect then to rescind the sale, and invest the plaintiff with the title and right of possession, and give him a right to a verdict in his favor on the question of property.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. FLOWER, REMY & GREGORY, for the appellants :

The third instruction was erroneous, in holding that a demand was necessary before suit. *Doane* v. *Lockwood,* 115 Ill. 490.

The failure to surrender the note for the goods before suit, could have no other effect than to cause the plaintiff to become non-suited, and judgment for costs to go against him, without return of the property.

When the surrender was made, the title of the fraudulent purchaser was extinguished, and vested in the plaintiff, the same as if there had been no sale. If this contingency occurs on the trial, the court should certainly not award a return to a party who has lost whatever title he had to the goods.

Section 22 of the Replevin act provides, that in certain cases judgment shall be given against the plaintiff for a return of the property, unless he shall "in the meantime have become entitled to the possession of the property, where judgment may be given against him for costs," etc. The words, "in the meantime," may be construed to include the time of the trial.

The seventh instruction is erroneous, in requiring the plaintiff to prove more than the law requires, to recover.

The law is well settled, that if a man buy goods on credit, not intending to pay for them, this is a fraud on the seller, such as entitles him to avoid the sale. This has been held in very many cases. *Hennequin* v. *Naylor,* 24 N. Y. 139; *Devoe* v. *Brandt,* 53 id. 462; *Byrd* v. *Hall,* 2 Keyes, 647; *Johnson* v.

FARWELL *et al. v.* HANCHETT *et al.*          575

Brief for the Appellees.   Opinion of the Court.

*Monell,* id. 655; *Davis* v. *Stewart,* 8 Fed. Rep. 803; *Talcott*
v. *Henderson,* 31 Ohio St. 162; *Powell* v. *Bradlee,* 9 Gill & J.
220; *Dow* v. *Sanborn,* 3 Allen, 181; *Donaldson* v. *Farwell,* 93
U. S. 631; *Burrill* v. *Stevens,* 73 Maine, 395; *Starch Factory*
v. *Lendrum,* 57 Iowa, 52; *Stewart* v. *Emerson,* 52 N. H. 301.

Messrs. BRANDT & HOFFMAN, for the appellees, contended
that a demand was necessary before suit, especially as to the
sheriff, who was lawfully in possession.   *Tuttle* v. *Robinson,*
78 Ill. 334.

Appellants could not replevy the goods, to recover the price
of which they commenced an action of assumpsit.   *(Kellogg*
v. *Turpie,* 93 Ill. 267.)   Nor could they rescind the contract
without first offering to surrender the note.   *Kellogg* v. *Turpie,*
93 Ill. 267; *Bowen* v. *Schuler,* 41 id. 192; *Wolf* v. *Dietzsch,*
75 id. 205.

As the jury found all the issues for the defendants, the
judgment of *retorno habendo* was proper.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin, brought by John V. Farwell
& Co., against Seth F. Hanchett and Simon Heller.   The
defendants pleaded *non cepit, non detinet,* property in Simon
Heller, property in Abraham Heller, and as to Hanchett,
sheriff, justification under a certain execution against Simon
Heller in favor of Abraham Heller.

Simon Heller carried on business in Chicago, as a dry
goods merchant, from April 4, 1882, to December 9, 1884,
on which latter date the execution aforesaid, on a judgment
that day entered against him in favor of his father, Abraham
Heller, for $8323.78, was levied upon his stock, and posses-
sion thereof was taken by the sheriff.   During this period he
was in the habit of buying goods from the plaintiffs, who
were wholesale dry goods merchants.   On April 4, 1882, he

made and delivered to the plaintiffs a written statement, which contained the following language :

"I, Simon Heller, for the purpose of obtaining a credit with John V. Farwell & Co., of Chicago, Illinois, for goods which I may now or hereafter purchase of them, do make the following statement and representations of my present true financial circumstances, wealth and mercantile respectability, which said representations shall be the basis of my credit with John V. Farwell & Co., both for my present purchase and for all purchases for and during the period of five years from this date, agreeing to immediately notify them of any material change in or of my business matters during the period above mentioned."

The statement showed, at that time, assets, $9150, and liabilities, $4260. Among the liabilities was specified a debt of $2700 to Heller's father, to be paid at his convenience, without interest. The property replevied consisted of various articles of dry goods alleged to have been bought of the plaintiffs during the period aforesaid. At the time he was closed up, (December 9, 1884,) Simon Heller owed the plaintiffs, as was claimed, $4151.06 for merchandise purchased during the year 1884, and owed $15,000 or $16,000 altogether. The jury found the issues for the defendants, and the title to the property to be in Simon Heller, subject to the execution in favor of Abraham Heller, in the hands of the defendant, Hanchett, as sheriff.

After the overruling of a motion for a new trial, plaintiffs' counsel moved that judgment for costs, and nominal damages, only, should be entered in the case, without any order for the return of the property, which motion the court overruled, and entered a judgment of property in the defendants, and for damages, and ordered a return of the property replevied. On appeal to the Appellate Court for the First District, the judgment was affirmed, and the plaintiffs appealed to this court.

Error is claimed in giving two instructions for appellees— the third and seventh. The third instruction is as follows:

"The jury are instructed, that before the plaintiffs can recover in this case, they must prove that they demanded the goods in controversy of Simon Heller, or of some one who at the time had them in his possession; and unless such proof is made, the plaintiffs can not recover in this case."

This instruction was erroneous. The plaintiffs claimed that the purchase of the goods was fraudulent, and whether it was or not, was for the jury to determine, from the evidence. It is quite well settled, that when goods have been obtained by fraud by a vendee, or otherwise unlawfully obtained, the vendor, or true owner, may, without previous demand, maintain trover or replevin for the goods, against any person not holding them as an innocent purchaser for value. (*Butters* v. *Haughwout*, 42 Ill. 18; *Bruner* v. *Dyball*, id. 34; *Hardy* v. *Keeler*, 56 id. 152.) The remark made in *Moriarty* v. *Stofferan*, 89 Ill. 528, as to the necessity of a demand in such case, was not intended to change the well established rule in this respect, as recognized in the previous decisions of the court, and is not to be taken as so doing. The fraudulent vendee is not considered as a purchaser of the goods, but as a person who has tortiously got possession of them. We do not think the sheriff stands differently from the fraudulent vendee, as respects the necessity of a demand. (*Aiken* v. *Campbell*, 23 Wend. 372; *Bussing* v. *Rice*, 2 Cush. 48; *Bancroft* v. *Blizzard*, 13 Ohio, 30.) There is nothing decided to the contrary in *Tuttle* v. *Robinson*, 78 Ill. 332.

On December 1, 1884, Simon Heller gave plaintiffs his note for $550, on "his past due account," for the goods replevied in this suit. On the trial, plaintiffs' attorney tendered this note to the defendant Heller, in open court, and filed it in court for Heller's benefit. Because this note was not surrendered to Heller before the commencement of the

37—120 ILL.

suit, it is insisted by appellees' counsel, that for that reason plaintiffs were not entitled to maintain their suit, and therefore the giving of the third instruction was a harmless error. Although the surrender or offer to surrender the note was necessary in order to the rescinding of the sale, and commencing the suit before the sale was rescinded was without right, yet when the note was surrendered at the trial, the sale, if fraudulent, was thereupon rescinded, and plaintiffs were re-invested with the title to the goods, and had then the property in them, although they had it not at the time the suit was brought. And this fact, although it would not affect the wrongful commencing of the suit, should have bearing upon the question of property, to cause the finding of that issue for the plaintiffs, if the purchase was fraudulent, and to prevent judgment for a return of the property,—producing the effect that plaintiffs should pay the costs of the suit, and damage, but have and retain the property. Section 22, chapter 119, of the Revised Statutes, provides, that "if the plaintiff in the action of replevin fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property, and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs, and such damage as the defendant shall have sustained."

It thus appears as the intention of the statute, that if, after the commencement of the suit, the plaintiff becomes entitled to the possession of the property, he may have and retain it, and there shall not be judgment for a return thereof.

In *Doane* v. *Lockwood*, 115 Ill. 490, we held that the plaintiff in a replevin suit might, after the commencement of his suit, surrender the note given upon a fraudulent purchase of goods, and rescind the sale, and thereby prevent judgment for

a return of the property replevied, and allow to the plaintiff judgment only for costs, and his damage.

It is said that the error was a harmless one, too, because the jury found the property to be in Simon Heller. But the erroneous instruction may have induced this finding. The instruction was imperative, that before the plaintiffs could recover they must prove that they demanded the goods, etc., and that unless such proof was made they could not recover. There was no such demand, and the plaintiffs could not recover under the instruction, which necessitated a finding for the defendants,—that is, the issues for the defendants; and the issue as to property in Simon Heller being one of them, the instruction required the finding of that issue for the defendants. The jury being thus compelled, by the instruction, to find for the defendants, they had but to look to the form for their verdict, which the court, in an instruction it gave, had prescribed to them, which was: "If the jury find the issues for the defendants, and that the property in controversy is the property of Simon Heller, subject to the execution in favor of Abraham Heller, introduced in evidence in this case, then the form of your verdict will be: We, the jury, find the issues for the defendants, and find the title to the property in controversy to be in Simon Heller, subject to the execution in favor of Abraham Heller, in the hands of the defendant, Hanchett, as sheriff." And this was the form of verdict which the jury adopted and returned. The words, "and find the title to the property in controversy to be in Simon Heller," etc., made no material difference in this instruction prescribing the form of the verdict. Finding the property in Simon Heller was embraced in what preceded—finding the issues for the defendants; and those words, in reality, added nothing more to the instruction. At least, even taking both instructions together, the third instruction was well calculated to mislead the jury to think, that without a

demand made, they must find all the issues, including that as to property, for the defendants, and we can not say, with any assurance, that the jury were not so misled. We can not, then, pass by the error of the instruction by saying it did the plaintiffs no harm.

The seventh instruction was:

"The jury are instructed, that the burden of proof is on the plaintiffs to prove, by a preponderance of the evidence, that Simon Heller bought the goods in controversy from them, that he used means to deceive, and did deceive, them, and that he did not intend to pay for the goods when he bought them."

The principle which respects this instruction is thus stated in Benjamin on Sales, (3d Am. ed.) in note to sec. 439 : "It is settled in the American courts by a vast weight of authority, that a purchase of goods by one who, at the time, intends not to pay for them, is such a fraud as will entitle the vendor to avoid the sale, although there were no fraudulent misrepresentations or false pretences." This is abundantly sustained by the very full citation of authorities there made. It was sufficient for the avoidance of the sale to prove that Heller bought the goods with the intention, at the time, not to pay for them, and it was erroneous to tell the jury, that in addition thereto the plaintiffs must prove that Heller used means to deceive, and did deceive, the plaintiffs.

For the error in giving these instructions, the judgments of the courts below will be reversed, and the cause remanded to the Superior Court.

*Judgment reversed.*