## A. L. Adams v. W. T. Wallace.

1. REPLEVIN—*when demand not essential to maintenance of.* Where the possession of the property sought to be replevied has been wrongfully obtained, no demand is necessary to the maintenance of the action.

2. FRAUDULENT CONVEYANCE — *what essential to constitute, as against third party.* To constitute a fraudulent conveyance, which may be set aside at the instance of a third party, it must appear that both vendor and vendee participated in the fraud.

Action of replevin. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

J. C. & W. B. McBRIDE, for appellant.

GEORGE T. WALLACE, for appellee; JOHN E. HOGAN, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in replevin originally brought before a justice of the peace, by appellee against appellant, to recover possession of one "Kimball" organ, stool and instructor. The case was appealed to the Circuit Court, where a trial resulted in a verdict and judgment that the plaintiff was entitled to the possession of the property. The defendant thereupon prayed and was allowed an appeal to this court.

The material facts appearing in evidence, so far as we deem it necessary to state them, are briefly as follows: Appellee, a merchant in Assumption, on July 17, 1903, sold to one Richards the organ in question. In consideration of such transfer Richards executed to appellee four notes, one for $10 and three for $20 each. Said notes contained the following recital: "The title and right of immediate possession to a 'Kimball' organ, style oak, number ————, this day delivered, for which this note was given, shall remain absolutely in W. T. Wallace, until this

note is fully paid." On June 1, 1903, Richards gave to one Radford a chattel mortgage to secure an indebtedness of $303.70, due December 25, 1903. On August 26th, Radford insisted upon additional security, whereupon Richards gave to Radford a bill of sale for the organ in question, together with considerable other property, including a binder and wagon, purchased by him from one Walker. There is evidence tending to show that the sale was not absolute, but as security only for certain indebtedness of Richards to Radford, and that at the time of the execution of the bill of sale, Richards stated to Radford that the organ, binder and wagon had not been paid for, and that he insisted that this property should be left at his residence. Appellant, who is Radford's son-in-law, claims to have purchased the organ from Radford on the same day for $40 in cash. After the alleged purchase Radford and appellant went to the home of Richards in his absence, and took the organ away. Appellee, upon learning of the facts, sued out a writ of replevin for the organ, and in company with the constable, went to the residence of appellant and after considerable difficulty gained ingress to the house and took possession of the organ.

During the trial appellee offered and the court admitted in evidence an indorsement on the back of the bill of sale made by Radford, after the commencement of the suit, which recited that the property named therein was, for a valuable consideration, sold and reconveyed to Richards, and that Radford thereby released all title which he may have acquired by reason of such bill of sale. At the close of plaintiff's evidence, appellant requested the court to direct a verdict in his favor, and at the close of all the evidence renewed such motion. Both motions were overruled.

Appellant first contends that no recovery could be had in this suit for the reason that appellee failed to make a demand for the property before bringing suit. Whether a demand was necessary depended upon whether or not appellant acquired possession of the property fraudulently. If such possession was obtained by him lawfully, the de-

mand was necessary; otherwise not. Where the possession of goods has been wrongfully obtained, or where a vendee purchases goods with knowledge that his vendor has obtained them by fraudulent means, no demand is necessary, upon a replevin of the goods by the rightful owner. Butters v. Haughwout, 42 Ill. 18; Farwell v. Hanchett, 120 Ill. 573. This was a question of fact which it will not be necessary for us to determine, as the judgment must be reversed for errors hereinafter indicated.

It is next contended that inasmuch as neither of the notes had become due at the time of the commencement of the suit, appellee was not entitled to possession of the property; that according to the contract notes, appellee had no right to possession of the organ, even as against Richards, except upon default in payment of the notes at maturity. The notes expressly provide that the title and right of immediate possession to the organ should remain absolutely in Wallace until the note was fully paid. It is insisted that this provision is qualified by and inconsistent with the further condition following the same, to the effect that in case the notes were not fully paid at maturity, Wallace might retain possession of such payments as had been made as liquidated damages for the use and retention of the organ up to that time, and also take possession of the organ. We cannot see that this provision qualifies, or is inconsistent with, the first, which is complete in itself. We think the terms of the notes may be fairly and reasonably construed as giving Wallace, as against Richards, the right to take possession of the organ before or after the maturity of the notes, as at his option; and in case he did so after the maturity of the notes, to take possession of the organ and to retain any payments made thereon as compensation for the use and retention of the organ during the time Richards had possession thereof.

The evidence does not warrant the conclusion that the organ was purchased by Richards, or transferred by him to Radford, with the intention of defrauding appellee. It tends to show, on the contrary, that the bill of sale by him

to Radford was made to prevent a possible foreclosure of a prior chattel mortgage held by Radford upon other property.

Richards testifies that at the time he made the bill of sale to Radford, he told him that the organ in question, and the binder and wagon bought of Walker, had not been paid for, and that it was the understanding between him and Radford that the property was to be left at his, Richards', home, in care of his stepdaughter. The mere fact that the property had not been paid for did not, of itself, render Radford a party to a fraudulent transaction. While Richards had no right to dispose of property, the title to which he had agreed should remain in the vendor until fully paid for, there is no proof tending to show directly that Radford had knowledge of such conditional sale. Neither does the mere fact that Radford immediately sold the property to his son-in-law, appellant, and that they forthwith took possession of it in the absence of Richards, show fraud. These facts, however, when considered in connection with various other facts and circumstances appearing in evidence, and which we shall not attempt to detail, we think warranted the court in submitting to the jury the question whether the sales by Richards to Radford, and by him to appellant, were not made pursuant to a design to defraud appellant. As the cause must be submitted to another jury, we shall not express any opinion as to the weight of the evidence upon the question.

In view of the conflict in the evidence, it was important that the jury should have been accurately instructed as to the law applicable to the facts disclosed by the evidence. The second instruction given at the request of appellee was, in effect, that if Radford, with notice of appellee's rights, transferred the property to Adams for the purpose of defrauding appellee, then such transfer was void and the jury should find for the plaintiff. This is not the law. A fraud which will vitiate a transaction and the sale of property, must be participated in by both the vendor and the vendee. Walsh v. O'Neill, 192 Ill. 205. The instruction

was misleading and particularly harmful to appellant, in that it directly authorized a verdict predicated upon the fraud of Radford alone, without regard to the *bona* or *mala fides* of appellant in the transaction. Notwithstanding other instructions in the series embodied the correct rule of law, we are not satisfied that the error was cured thereby, as it is impossible to determine which instructions the jury followed.

Appellee's first instruction is faulty in that it assumes that Adams took possession from Richards. Whether he obtained possession from Richards or from Radford was a controverted question of fact. It also tells the jury in effect, that the mere fact that appellant knew when he purchased it that the organ was in possession of Richards, was sufficient to put him upon inquiry as to the rights of Wallace therein. While in a proceeding by Richards, who is not a party to this suit and makes no claim of title to the organ, the mere fact that the actual possession was in him at the time of the purchase by appellant, would have been presumptive of the ownership of Richards and sufficient to put appellant upon inquiry as to the title of Radford as against Richards, such fact cannot be said, as a matter of law, to be sufficient to put him upon inquiry as to the rights of others. Other instructions given for appellee are subject to criticism as being inaccurate and misleading, a discussion of which in detail would unduly extend this opinion.

Furthermore, no evidence was offered upon the trial tending to prove that the stool and instructor involved in the suit was ever owned by appellee, or that he was entitled to the possession of the same. The court, therefore, should have directed the jury, as requested, to return a verdict for the defendant as to those articles. Appellee could recover the same only upon the strength of his own title thereto, and in the absence of proof the judgment was to that extent unwarranted.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*