JOSLIN *v.* NORET.

1. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

   Where counsel repeatedly objected to certain testimony, and it was finally agreed between counsel and the court that such testimony should be taken subject to the objection without repeating it to each question, the question of its admissibility was properly saved for review.

2. WITNESSES — PRIVILEGE — SELF CRIMINATION — CONSTITUTIONAL LAW.

   In an action for money paid for certain corporate stock, claimed to have been sold in violation of the so-called "blue sky law" (3 Comp. Laws 1915, §§ 11958, 11967), it was a violation of defendant's constitutional and statutory rights (section 16, Art. 2, Const. Mich., 3 Comp. Laws 1915, § 12547) to require him, over his objection, to testify that said stock had not been approved by the securities commission, and that he was not a licensed dealer, thereby incriminating himself.

3. SAME — NOT NECESSARY FOR WITNESS TO BE IN CONTEMPT IN ORDER TO BE PROTECTED.

   It is not necessary for a witness to place himself in contempt of court by refusing to answer questions incriminating himself in order to be protected in his constitutional rights.

4. EVIDENCE—VERDICT BASED ON INADMISSIBLE TESTIMONY REVERSIBLE.

   A verdict based upon testimony which defendant was required to give in violation of his constitutional and statutory rights cannot stand.

5. CONTRACTS—RESCISSION—TENDER OF CONSIDERATION NECESSARY TO MAINTAIN ACTION.

   Where plaintiffs seek to recover what they have paid under a void contract they must tender or offer to return what they have received, thus placing or offering to place the defendant *in statu quo*, since they may not retain what

---

As to conclusiveness of witness's statement that the answer to questions against which he pleads his privilege would tend to criminate him, see notes in 24 L. R. A. (N. S.) 165; 49 L. R. A. (N. S.) 826.

On blue sky laws as governmental regulations on issue of stock, see notes in L. R. A. 1917F, 524; 15 A. L. R. 262; 24 A. L. R. 523.

they have received and recover what they have parted with.

6. SAME—TENDER—SUFFICIENCY.
Where plaintiffs sent the stock to a bank with a draft on defendant attached for $3,300 more than he was obligated to pay, under the proofs, it was not a good tender.

7. SAME—TENDER ON TRIAL INSUFFICIENT WHERE CONSIDERATION NOT WORTHLESS.
Although it is not necessary to tender worthless paper before commencing action to recover the money paid therefor, where it was undisputed in the instant case that the stock received by plaintiffs was worth over $5 a share, tender was not excused, and tender upon the trial, under the evidence, was insufficient.

Error to Oceana; Vanderwerp (John), J.   Submitted January 19, 1923.   (Docket No. 1.)   Decided October 1, 1923.

Assumpsit by C. A. Joslin and another against Edwin A. Noret for money paid for certain corporate stock, sold in violation of the "blue sky law."   Judgment for plaintiffs on a directed verdict.   Defendant brings error.   Reversed.

*E. C. Pugsley* and *A. S. Hinds*, for appellant.

*F. E. Wetmore*, for appellees.

FELLOWS, J.   This action is brought to recover money paid to defendant by plaintiffs and their assignors, some 15 in number, for stock in an Oklahoma oil company and which stock was sold in violation of the so-called blue sky law (3 Comp. Laws 1915, § 11945 *et seq.*).   Plaintiffs had judgment on a directed verdict for $6,600.   The sales were of stock owned by defendant, numbered at least 17, and were made in the course of continued and successive transactions of a similar nature.   The validity of the act was

sustained in *Merrick* v. *Halsey & Co.*, 242 U. S. 568 (37 Sup. Ct. 227), so it will be unnecessary to discuss the constitutional questions advanced by defendant; and in *Edward* v. *Ioor*, 205 Mich. 617 (15 A. L. R. 256), we fully considered the questions here raised by defendant having reference to the blue sky law and decided them adversely to defendant's contentions. We could not make the position of the court clearer than we did in that case and will not undertake so to do.

Upon the trial defendant was called for cross-examination under the statute by plaintiffs' counsel, and over objections and protests of his counsel was by the ruling of the court required to testify to the facts that the stock sold by him had not been approved by the Michigan securities commission; that he had no dealer's license; and to give in detail the various sales made by him.    Defendant's counsel here insist that this was in violation of defendant's constitutional and statutory rights, and that without some of the testimony so given a case was not made by plaintiffs. Plaintiffs' counsel insists that they supplied proof of the sales later and that the question is not properly saved for review and not reviewable in this proceeding, and that in any event they were entitled to the testimony.    It is true that plaintiffs did later establish the sales to witnesses called by them, but they did not prove the basic fact necessary to recovery, *i. e.*, that the stock had not been approved or that defendant was not a licensed dealer, except by such testimony.    The statute is a penal one (3 Comp. Laws 1915, §§ 11958, 11967), and as soon as plaintiffs' counsel commenced to ask defendant questions the answers to which would establish that defendant had violated its provisions, defendant's counsel promptly interposed the proper objection.    This objection was repeated several times and finally it was agreed between counsel and the

court that such testimony should be taken subject to the objection without repeating it to each question. Under these circumstances the question is properly saved.     This testimony came from a party to the case and if the verdict is based upon material testimony he was required to give in violation of his constitutional and statutory rights, it can not stand. It was not necessary for him to place himself in contempt of court in order to be protected in his constitutional and statutory rights.

This necessitates the determination of whether defendant's constitutional or statutory rights were invaded.     We think both were violated.     Section 16, article 2, of the State Constitution provides:

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law."

This is similar to the constitutions of the other States of the Union and to the Federal Constitution. Section 12547, 3 Comp. Laws 1915, provides:

"Any competent witness in a cause shall not be excused from answering a question relevant to the matter in issue, on the ground merely that the answer to such question may establish, or tend to establish, that such witness owes a debt, or is otherwise subject to a civil suit; but this provision shall not be construed to require a witness to give any answer which will have a tendency to accuse himself of any crime or misdemeanor, or to expose him to any penalty or forfeiture, nor in any respect to vary or alter any other rule respecting the examination of witnesses."

In 40 Cyc. p. 2539, it is said:

"A number of authorities adopting a literal construction of the language of the constitutional provisions under discussion have held that the protection against disclosure is available only in a criminal proceeding against the person who claims such protection and not in a proceeding of a civil nature; but there is

also authority for the view that the witness is protected against disclosure in any proceeding or investigation whether such disclosure is sought directly to establish his guilt or indirectly and incidentally for the purpose of proving facts involved in an issue between other parties, and is applicable in civil as well as criminal proceedings."

This State has aligned itself with those States which have given the constitutional provision a liberal construction. In Re Moser, 138 Mich. 302 (5 Ann. Cas. 31), it was said by this court, speaking through Mr. Justice GRANT:

"Under the Constitutions of Michigan and the United States, no witness can be compelled to give testimony which might tend to criminate himself or expose him to criminal prosecution. The provision in each Constitution is the same."

See, also, In re Mark, 146 Mich. 714; People v. Maloy, 204 Mich. 524. Compelling defendant to give testimony which would clearly establish that he had violated the penal provisions of the blue sky law and basing a directed verdict on such testimony constituted reversible error.

The theory upon which plaintiffs may recover is that they and their assignors have rescinded the sale made to them in violation of the blue sky law. They seek to recover what they have paid under a void contract. So to do they must tender or offer to return what they have received. They cannot retain what they have received and recover what they have parted with. They must tender or offer to place the defendant in statu quo. This is settled by numerous cases; among them see Hinchman v. Matheson Motor Car Co., 151 Mich. 214; Galvin v. O'Brien, 96 Mich. 483; Crippen v. Hope, 38 Mich. 344; Niederhauser v. Railway Co., 131 Mich. 550; Crawley v. Studebaker Corporation, 183 Mich. 462. The testimony discloses that before bringing this suit

plaintiffs, their assignors and others, sent the stock to an Oklahoma bank with draft on defendant attached for $9,900, or $3,300 more than defendant was obligated to pay under the proofs.    Some of the stock was sold by defendant and some by his brother and all of it was attached to the draft drawn on defendant. The testimony is not very clear as to what was done by the Oklahoma bank but the draft and stock were returned.    This was not a good tender; it was not an offer to place defendant *in statu quo*.    Manifestly to require defendant to pay $3,300 more than he had received in order to obtain the stock sold by him was not an offer to place him *in statu quo*.    There was a tender of the stock upon the trial.    In *Dayton* v. *Monroe,* 47 Mich. 193, we held that it was not necessary for the defrauded party to give up an unsecured note which was needed as evidence as a condition of a suit for a fraud; and in *Stubly* v. *Beachboard,* 68 Mich. 401, we held that plaintiff need not tender a worthless note needed as evidence before bringing suit.    These cases were considered in the case of *Pangborn* v. *Ruemenapp,* 74 Mich. 572.    This case was an action of replevin brought to recover a horse which defendant had paid for by a 'note which was of some value but claimed by plaintiff not to be as valuable as represented.    Plaintiff, upon the theory of rescission, brought his action without demand and without tender of the note.    It was there said:

"The counsel for plaintiff argues upon the supposition that the note was worthless, and therefore a tender of the same on the trial would have been sufficient under the authorities in this State (see *Dayton* v. *Monroe,* 47 Mich. 194; *Stubly* v. *Beachboard,* 68 Mich. 401) ; and that the defendant had the note upon the trial, and actually received it before the trial, but after the writ of replevin was served.    But the court did not treat the note as worthless, as it could not well be so treated in the light of the testimony

in the case. * * * If the defendant had exchanged property for the horse in question, it is clear that the plaintiff could not have replevied the horse without a tender back to the defendant of such property. If the plaintiff elects to rescind the contract, he must do so altogether. He cannot retain what he has received, and claim what he exchanged for it also. In such a contract, the title to the property passes to the vendee, subject to the right of the vendor, upon discovering the fraud, to elect whether he will rescind the contract by returning or offering to return whatever of value he may have received and reclaim his property, or whether he will retain the consideration, and treat the bargain as subsisting. Until he makes such election the contract continues, and the title to the property remains in the purchaser. *Wilbur* v. *Flood,* 16 Mich. 40 (93 Am. Dec. 203) ; *Moriarty* v. *Stofferan,* 89 Ill. 528 ; *Thompson* v. *Peck,* 115 Ind. 512 (18 N. E. 16, 1 L. R. A. 201) ; *Powers* v. *Benedict,* 88 N. Y. 605 ; *Farwell* v. *Hanchett,* 120 Ill. 573 (9 N. E. 58) ; Wells on Replevin, § 331 ; 2 Parsons on Contracts, p. 780. If the vendor has received nothing of value, there is nothing to return, and the bringing of the suit is a sufficient disaffirmance of the contract. If, therefore, the note taken upon such a sale is worthless, a tender upon the trial in court has been held sufficient. But in this case I think the defendant was entitled to have a tender of the note made to him, and a demand for the horse, before replevin could be maintained."

In the instant case the undisputed testimony establishes that the stock was worth over $5 a share so that a case of worthless paper is not involved. Obviously if the paper is of no value it need not be returned and it is equally obvious that if it is of value it must be returned. In the recent case of *Randall* v. *Railway Co.,* 215 Mich. 413, deceased had executed a release upon payment to him of $250. It was claimed that the settlement should be rescinded for fraud. The $250 was not tendered until the trial. It was held to be too late. It should be further stated that the evidence in the instant case did not excuse a tender.

We are constrained to hold, must hold unless we repudiate dozens of our former cases, that plaintiffs may not rescind without offering or tendering to defendant what they have received of value in the transaction or produce evidence which will excuse a tender.

For the errors pointed out the case must be reversed and a new trial granted. Defendant will recover costs of this court.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.