## THOMPSON *v.* AMERICAN STATE BANK.

1. EQUITY—MOTION TO DISMISS.
   On motion to dismiss, material allegations of bill are taken as true.

2. BANKS AND BANKING—RIGHT TO RESCIND PURCHASE OF BANK STOCK—RIGHTS OF CREDITORS INVOLVED.
   Purchaser of bank stock which has become worthless and liability to stockholder (3 Comp. Laws 1929, § 11945) is not entitled to rescind purchase on ground of fraud unless he shows that there are no creditors who became such during the time that he was registered stockholder.

3. SAME—MOTION TO DISMISS BILL TO RESCIND PURCHASE OF BANK STOCK—SUFFICIENCY OF BILL.
   Motion to dismiss bill for rescission of purchase of bank stock was properly granted, where bill alleged stock to be "absolutely worthless and a liability," which is equivalent to saying that rights of creditors are involved under statutory liability of stockholders (3 Comp. Laws 1929, § 11945), and bill failed to allege that there are no creditors who became such during the more than two years that plaintiff was registered stockholder.

4. CORPORATIONS—RESCISSION OF PURCHASE OF STOCK—SUFFICIENCY OF BILL—PRIVITY OF CONTRACT.
   Objection that bill by purchaser to rescind purchase of corporate stock does not allege purchase from defendant—contract between the parties which *might be rescinded*—is *without merit,* where effect of mass of allegation is that purchase was from defendant, although there was no express allegation to that effect.

5. SAME—WORDS AND PHRASES.
   Allegation in bill to rescind purchase of corporate stock that stock is "practically worthless" means actually, not theoretically, worthless.

6. SAME—TENDER OF WORTHLESS STOCK NOT NECESSARY TO RESCIS-
   SION.

   Return or offer to return corporate stock, which is alleged to be
      worthless, is not necessary prerequisite to maintaining suit to
      rescind its purchase on ground of fraud.

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted October 16, 1931. (Docket No. 132, Calendar
No. 35,925.) Decided December 8, 1931.

Bill by Henry S. Thompson against American
State Bank and Guaranty Trust Company of De-
troit, Michigan corporations, to rescind contracts
of purchase of stock. Bill dismissed as to both de-
fendants. Plaintiff appeals. Affirmed as to defend-
ant bank. Reversed as to defendant trust company.

*Manchester, Zirkalose & Smith* (*Charles F. Gates,*
of counsel), for plaintiff.

*Henry F. Massnick,* for defendant bank.

*Martin, Hunt & Field,* for defendant trust com-
pany.

CLARK, J. In December, 1928, plaintiff purchased
100 shares of capital stock of Guaranty State Bank,
a banking corporation, at a price of $13,595, and
100 shares of the capital stock of the Guaranty Trust
Company, also alleged to be a banking corporation,
at the price of $27,500. Plaintiff arranged to have
the Guaranty Trust Company stock carried by the
Guaranty State Bank, and he accordingly paid to
the bank $7,500 and borrowed $20,000 from the bank
for which he gave his promissory note and he de-
posited as collateral the certificate for 100 shares
of Guaranty Trust stock. By a like arrangement,
he borrowed $13,595 from the Guaranty Trust Com-

pany to pay for the bank stock and gave his promissory note therefor and as collateral he deposited the certificate for 100 shares of bank ·stock and a certificate for 10 shares of other stock. He renewed the notes from time to time, accepted dividends, and consented to the Guaranty State Bank's being succeeded by American State Bank of Detroit.

In March, 1931, he filed this bill for rescission of both purchases, joining both American State Bank and Guaranty Trust Company as defendants, alleging that the purchases had been brought about by fraud. Defendants, having different counsel, filed separate motions to dismiss. The bill was dismissed. Plaintiff has appealed.

On the motion to dismiss, the material allegations of the bill are taken as true.

No point is made of misjoinder.

*American State Bank.* The bill alleges the stock to be "absolutely worthless and a liability." This is equivalent to saying that rights of creditors are involved under statutory liability of stockholders in banks. 3 Comp. Laws 1929, § 11945. A rule, not as between parties to the contract sought to be rescinded, but as regards creditors, is stated in *Newton National Bank* v. *Newbegin,* 20 C. C. A. 339 (74 Fed. 135, 33 L. R. A. 727), and quoted in *Farmers' State Bank* v. *Empey,* 35 S. D. 107 (150 N. W. 936):

"There are obvious reasons why a shareholder of a corporation should not be released from his subscription to its capital stock after the insolvency of the company, and particularly after a proceeding has been inaugurated to liquidate its affairs, unless the case is one in which the stockholder has exercised due diligence, and in which no facts exist upon which corporate creditors can reasonably predicate an

estoppel. When a corporation becomes bankrupt, the temptation to lay aside the garb of a stockholder, on one pretense or another, and to assume the role of a creditor, is very strong, and all attempts of that kind should be viewed with suspicion. If a considerable period of time has elapsed since the subscription was made; if the subscriber has actively participated in the management of the affairs of the corporation; if there has been any want of diligence on the part of the stockholder, either in discovering the alleged fraud, or in taking steps to rescind when the fraud was discovered; and, above all, if any considerable amount of corporate indebtedness has been created since the subscription was made, which is outstanding and unpaid— in all of these cases the right to rescind should be denied, where the attempt is not made until the corporation becomes insolvent.''

See, also, *Bissell* v. *Heath,* 98 Mich. 472.

Plaintiff, to prevail, must show the equities in his favor, and, among such equities, the fact that there are no creditors who became such while he was a registered stockholder. There are no allegations in the bill relative to the matter, but it is obvious that this large bank in active business in Detroit incurred some new and different obligations, to depositors at least, over the period of more than two years that plaintiff was a registered stockholder. Plaintiff, therefore, cannot repudiate liability to creditors and avoid his status as a stockholder by a bill for rescission of his purchase of the stock. It is unnecessary to consider plaintiff's lack of diligence in this regard, nor to discuss waiver. As to this defendant, the bill was properly dismissed.

*Guaranty Trust Company.* It is urged the bill does not allege a purchase of stock from the defendant, a contract between the parties which might be

rescinded. There is no express allegation to that effect, but that is the theory and tenor of the bill. The effect of the mass of allegation is that the purchase was from defendant. It is contended that plaintiff neither returns nor offers to return the stock which he purchased, and that he cannot return it as it is pledged to a third party, the said bank, as security for a loan, and that he therefore cannot rescind, as he cannot place the defendant *in statu quo*. *Joslin* v. *Noret,* 224 Mich. 240.

The bill alleges the stock to be "practically worthless;" this means actually, not theoretically, worthless. We must take the allegation to be true, and it appears that defendant will suffer no prejudice if the worthless stock be not returned. Hence the contention is without merit. *Joslin* v. *Noret, supra; Anderson* v. *Frischkorn Real Estate Co.,* 253 Mich. 668.

As against objections made, the bill states a case against the defendant.

As to American State Bank, the decree is affirmed, with costs to appellee.

As to Guaranty Trust Company, the decree is reversed, with costs to appellant, and defendant may answer within rule time.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.