MONEY CORPORATION *v.* WOLFIS.

1. PARTNERSHIP—LIABILITY OF RETIRING PARTNER.
Liability of retiring partner on partnership obligations does not cease until his legal discharge therefrom.

2. SAME—BILLS AND NOTES—PAYMENT.
Notes of partnership *held,* paid, where after partner, against whose guarantor of credit action was brought, had retired from firm and notice thereof had been given plaintiff's assignor, remaining partner discounted other notes with the assignor, drew checks against proceeds in payment of partnership notes, checks were paid and partnership notes cancelled and returned.

3. GUARANTY—PARTNERSHIP—ULTIMATE LIABILITY.
    Written contract of guaranty as to credit of retiring partner may
        not be extended to cover ultimate liability of remaining part-
        ner who failed in business after notice had been given plain-
        tiff's assignor that partner whose credit had been guaranteed
        had retired and after partnership obligations had been paid.

4. SAME—CONDITIONAL SALES CONTRACTS AND NOTES—JUDGMENT.
    Judgment on written contract of guaranty of credit may not be
        sustained where plaintiff retains conditional sales contracts
        and notes upon which it claims defendant liable as guarantor
        since to do so may result in collection of indebtedness twice.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted October 18, 1934. (Docket No. 136, Cal-
endar No. 38,020.) Decided December 10, 1934.

Assumpsit by Money Corporation, a Michigan
corporation, against Dirk Wolfis on a written guar-
anty. Judgment for plaintiff. Defendant appeals.
Reversed, and new trial orderd.

*Harold H. Smedley,* for plaintiff.

*F. E. Wetmore,* for defendant.

POTTER, J. Plaintiff, the owner of all indebted-
ness once owing Muskegon Citizens Loan & Invest-
ment Company, sued defendant on a written guar-
anty of the credit of Claude Wolfis. From a judg-
ment for plaintiff, defendant appeals.

Claude Wolfis was associated with one Joe
Schneider in the East End Auto Market, a copart-
nership, from July to about the middle of Septem-
ber, 1926, at which time Wolfis retired; and both he
and Schneider notified the Muskegon Citizens Loan
& Investment Company of his retirement from the
firm. At the time Claude Wolfis engaged in busi-
ness, defendant signed a written guaranty of his

credit to the extent of $1,500 and delivered the same to the Muskegon Citizens Loan & Investment Company.

The East End Auto Market sold motor vehicles and took title-retaining contracts—conditional sales notes—therefor, and, possibly, in some cases, ordinary promissory notes. These conditional sales contracts and notes were indorsed by it and discounted by the Muskegon Citizens Loan & Investment Company.

After Claude Wolfis retired from the partnership, Schneider continued in the business for some time; continued to sell motor vehicles, accept conditional sales contracts and notes of customers, indorse these contracts and notes, and discount them at the Muskegon Citizens Loan & Investment Company. The method of doing business by Schneider was for the Muskegon Citizens Loan & Investment Company to give him credit on open account for the proceeds of these conditional sales contracts and notes discounted, and he then drew checks to take up currently maturing obligations. All of the notes and contracts upon which Claude Wolfis was originally liable as an indorser were thus paid by check and the notes delivered up.

The average date of all of the conditional sales contracts and notes in the hands of plaintiff, assignee of Muskegon Citizens Loan & Investment Company, is more than a year after Claude Wolfis retired from the business of the East End Auto Market. The liability of Claude Wolfis upon the conditional sales contracts and notes indorsed by the copartnership while he was a partner did not cease upon his retiral from the partnership but continued until he was legally discharged therefrom. The conditional sales contracts and promissory

notes indorsed and discounted by Schneider were not substitutions or extensions. The record shows such contracts and notes were indorsed and discounted and the proceeds credited to him on open account. Schneider then drew his checks against that account for the amount due on the notes upon which Claude Wolfis was liable, and these checks were paid, cancelled and returned, and the notes paid thereby were paid, cancelled and returned. This constituted payment of the notes.

Subsequently, Schneider failed, owing around $600 or $700 to the Muskegon Citizens Loan & Investment Company; and it is sought to extend defendant's guaranty of the credit of Claude Wolfis to cover the ultimate liability after failure of Schneider. It may not be so extended. Plaintiff has the conditional sales contracts and notes discounted by Schneider, five in number, in its possession. It seeks to sustain a judgment on the guaranty against defendant for the full amount due from Schneider, and keep these conditional sales contracts and notes; and, if it were able to collect on this judgment and upon the conditional sales contracts and notes, it might be able to collect the indebtedness twice. This it cannot do. 48 C. J. p. 632; *Joslin* v. *Noret,* 224 Mich. 240.

Judgment reversed, with costs. New trial ordered.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell and Edward M. Sharpe, JJ., concurred.