### Robert Grant, Plaintiff in Error, v. Emil Feldman, Defendant in Error.

### Gen. No. 16,312.

1. BANKRUPTCY—*when sale to bankrupt may be rescinded.* Where a person indebted to the extent of $9,000, with only $150 assets, purchases rugs on credit for $510, and it further appears that at about that time he had consulted counsel with reference to filing a petition in bankruptcy, which was subsequently done, such sale may be rescinded and the goods recovered.

2. BANKRUPTCY—*purchase of goods in contemplation of.* Where a person purchases goods on credit, knowing that he is insolvent and has no reasonable expectation of paying for such goods, such sale may be rescinded on the filing of a voluntary petition in bankruptcy.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1910. Reversed and judgment here. Opinion filed June 17, 1912.

**Statement by the Court.** In April, 1909, defendant in error purchased of plaintiff in error four Oriental rugs at prices amounting in aggregate to $510. The sale was for cash, and on payment in cash the buyer was to have a discount of 30 per cent. It was agreed that the buyer might exchange any of said

rugs and exchanges were made, the last on May 5th.
May 17th the buyer filed his voluntary petition in bank-
ruptcy, in which he scheduled a debt of $510 to Grant
and other debts amounting to over $9,000. The only
assets scheduled were:

Necessary wearing apparel .............$ 50.00
Three rugs ........................... 200.00
One bookcase ......................... 50.00
One dresser .......................... 50.00

The petitioner was the head of a family residing
with him, and claimed all of said assets as exempt
under the statute. Plaintiff in error brought replevin
against defendant in error and the four rugs were
taken on a writ. The case was submitted to the court,
which gave judgment for the defendant and ordered
that a writ of *retorno habendo* issue.

HERMAN FRANK, for plaintiff in error.

JAMES T. BRADY and EDWIN J. RABER, for defendant
in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In Farwell v. Hanchett, 120 Ill. 573-580, the court
quoted with approval the following from Benjamin on
Sales, Sec. 439:

"A purchase of goods by one who, at the time, in-
tends not to pay for them, is such a fraud as will en-
title the vendor to avoid the sale, although there were
no fraudulent misrepresentations or false pretenses."
The ultimate fact to be proven by the seller is that
the buyer bought the goods with the intention not to
pay for them. Such intention is not conclusively in-
ferred from the facts alone that the buyer knew that
he was insolvent and failed to disclose it to the seller.
But from such facts, taken in connection with the con-
duct and circumstances of the buyer, the intention to
never pay for the goods may be often inferred.

Here the defendant scheduled debts in excess of

$9,000, all, with the exception of the $510, scheduled as due for the rugs, contracted before the purchase of the rugs. Excluding the rugs, he scheduled assets to the value of $150.00. Nearly $1,000 of the debts scheduled were contracted in 1909 for the rugs in question and for wearing apparel and jewelry for defendant and his wife. Thirteen of the debts scheduled were judgments against the defendant. He had been examined under supplemental proceedings, had often scheduled, and one or more of his judgment creditors were threatening to institute proceedings against him. Defendant consulted counsel in reference to filing a petition in bankruptcy about the time of his purchase of the rugs from the plaintiff. ''There is a presumption that every reasonable person anticipates and intends the ordinary and probable consequences of known causes and conditions. Hence, if a purchaser of goods has knowledge of his own insolvency and of his inability to pay for them, his intention not to pay should be presumed.'' Talcott v. Henderson, 31 Ohio St. 162. The defendant was insolvent and knew that he was insolvent and had no reasonable expectation of paying for the rugs when he bought them, and we think that he bought the rugs in contemplation of filing a petition in bankruptcy.

Our conclusion from the evidence is that the defendant purchased the rugs with the intention not to pay for them, and that therefore the plaintiff was entitled to rescind the sale and recover the goods.

The judgment of the Municipal Court will be reversed with judgment here for the plaintiff.

*Reversed and judgment here.*