### ANDREWS *v.* HENSLER.

1. Under the code of Louisiana, which allows general and special pleas to be pleaded together, if consistent with each other, an amended answer or plea on a redhibitory action for diseased and useless slaves bought at auction, that the auctioneer, who sold the slaves for the defendant, declared at his request at the time, that they must be examined by the physician of the purchaser previous to their delivery, but that the plaintiff was in such haste to obtain possession of the slaves purchased, that he removed them without examination, before the act of sale was

---

* 8 Stat. at Large, 198.        † Id. 233.        ‡ Id. 396.

passed, is not contradictory of or inconsistent with a general denial of an allegation that the slaves were at the time of sale afflicted with various maladies that were known to the defendant, from which some of them had since died, and the others had been rendered useless. Such amended answer only specified a particular fact in aid of the general denial.

2. The fact that the code limited to one year the time in which actions could be brought for the rescission of sales of slaves on account of redhibitory defects, did not necessarily give to the purchaser the same term within which to offer to return them to the vendor. On the contrary, the purchaser was bound to use reasonable diligence to apprise his vendor of the defects alleged, and to make a tender back of the slaves; and what is reasonable diligence is a question of fact, to be decided by a jury according to the special circumstances of each case.

ERROR to the Circuit Court for the Eastern District of Louisiana.

In March, 1859, the plaintiff purchased four slaves of the defendant at New Orleans, giving a draft payable at a future day for the payment. The slaves proving, as was now alleged by the purchaser, to have been afflicted with various incurable diseases, &c., he brought suit for a rescission of the sale, the restitution of the price, and for damages; a sort of suit called, in the language of the code of Louisiana, a redhibitory action; *Redhibition*, by the code,* being defined to be " the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice."

The petition alleged that the plaintiff purchased the slaves, with full warranty against all the vices and maladies prescribed by law; that they were, however, at the time afflicted with various specified vices and maladies; that these were unknown to the plaintiff, but were known to the defendant; that they were of such a grave character as to render the slaves " absolutely useless, or their use so inconvenient and imperfect " that the plaintiff would not have purchased them had he known at the time of the defects; and that from the vices and maladies two of the slaves had died since the sale.

* Art. 2496.

It further alleged that after the sale the plaintiff tendered the slaves back to the defendant and demanded the return of the draft, and the avoidance of the sale, in consequence of the redhibitory defects, but that the defendant refused to receive the slaves, to cancel the sale, or to return to petitioner the draft, and to pay him his damages.

It concluded with a prayer that the sale might be annulled, and the defendant condemned to return the draft, and to pay the costs that the plaintiff had incurred for the care and medical treatment in consequence of the sale, and false representations.

The first answer of the defendant to the petition consisted of a general denial. An amended answer, filed by permission of the court, averred in substance that the auctioneer, who sold the slaves for the defendant, declared at the time, at his request, that they must be examined by the physician of the purchaser previous to their delivery, but that the plaintiff was in such haste to obtain possession of the slaves purchased, that he removed them without examination, before the act of sale was passed; and hence insisted that if any loss had occurred to the plaintiff it had been through his own negligence and disregard of the terms of sale, for which the defendant is not responsible.

On the trial, the plaintiff contended that the special defence set up in this amended answer, was a waiver of the general denial, and that it admitted the liability of the defendant to refund the price of the slaves for the defects stated in the petition, and placed his discharge from such liability upon the neglect or disregard by the plaintiff of the terms of the sale, and requested the court to instruct the jury to that effect. The court refused to give the instruction and the plaintiff excepted.

A question having arisen at the trial as to the term within which it was necessary for the plaintiff to tender or offer to return the slaves to enable him to avoid the sale, and maintain a suit for its rescission, the court charged " that in order to a complete rescission of the contract, the tender should have been made in a reasonable time; and if the jury found that

it was not made in a reasonable time, the plaintiff was only entitled to recover for the damages he had sustained by the slaves being defective."

To this instruction the plaintiff excepted, contending that he had a year in which to return them ; the code of Louisiana, as it then existed, providing that actions for the rescission of contracts for the sale of slaves on account of redhibitory defects must be brought within one year from the date of the sale.

The correctness of the views of the court below was now the matter for examination here.

*Mr. Soulé, for the plaintiff in error; Mr. Stansbury, contra.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court as follows :

Treating the amended answer as an answer in addition to the general denial, we do not perceive any error in the refusal of the court below to instruct the jury, as requested, with respect to its effect. The rule which prevails in Louisiana on the subject of general and special pleas, as declared in the decisions of her courts, is that they may be presented together, if consistent with each other. Inconsistent or contradictory pleas alone are forbidden.*

The amended answer amounts only to the averment of a fact which, if established, would tend to show that the warranty alleged in the petition was not given in the absolute form there averred. It only specifies a particular fact in aid of the general denial.

The second exception is to that part of the charge which relates to the period within which it was necessary for the purchaser to tender back or offer to return the slaves. The court charged, " that in order to a complete rescission of the contract, the tender should have been made in a reasonable time ; and if the jury found that it was not made in a reasonable time, the plaintiff was only entitled to recover for the damages he had sustained by the slaves being defective."

--------

* Nagel v. Mignot, 7 Martin, 657.

The civil code of Louisiana, when the action was commenced, limited to one year the time in which actions could be brought for the rescission of sales of slaves on account of redhibitory defects, and hence it is contended, that the purchaser had the same period within which to offer to return the slaves to the vendor.

The rule that he who seeks to rescind a contract of sale, must first offer to return the property received, and place the other party in the position he formerly occupied, so far as practicable, prevails equally at the civil and the common law. It is a rule founded in natural justice, and requires that the offer shall be made by the purchaser to his vendor upon the discovery of the defects for which the rescission is asked. The vendor may then receive back the property, and be able by proper care and attention to preserve it, or he may have recourse upon other parties, the remedies against whom might be lost by delay. He must be permitted to judge for himself what measures are necessary for his interest and protection, and if the purchaser by delay deprives him of the opportunity of thus protecting himself, he cannot demand a rescission of the contract.

The purchaser must use reasonable diligence to apprise his vendor of the defects alleged, and to make the tender; and what is reasonable diligence is a question of fact, to be decided by the jury according to the special circumstances of each case.*

JUDGMENT AFFIRMED.

---

* Rider *v.* Wright & Marshall, 10 Louisiana Annual, 127