## NORRIS *v.* JACKSON.

1. The 4th section of the act of March 5th, 1865, establishes the mode in which parties may submit cases to the court without a jury, and the manner in which a review of the law of such cases may be had in this court.
2. The special finding of the facts mentioned in that statute is not a mere report of the evidence, but a finding of those ultimate facts on which the law must determine the rights of the parties.
3. If the finding of facts be general, only such rulings of the court, *in the progress of the trial*, can be reversed as are presented by a bill of exception.
4. In such cases a bill of exceptions cannot be used to bring up the whole testimony for review, any more than in a trial by jury.
5. Objections to the admission or rejection of evidence, or to such rulings or propositions of law as may be submitted to the court, must be shown by bill of exceptions.
6. If the parties desire a review of the law of the case, they must ask the court to make a special finding which raises the question, or get the court to rule on the legal propositions which they present.
7. In an action of ejectment, where the plaintiff's title is that of a voluntary purchaser under an execution void because the lien of the judgment had expired, and the title of the defendant is that of a *bonâ fide* purchaser from the debtor during the continuance of the lien, it is not competent for the plaintiff to prove that the defendant promised the creditor, under whose execution the land was sold, to pay the judgment, and that he did not do so; in consequence of which the lien was suffered to expire. The fact, if proved, would not extend the lien of the judgment.

IN error to the Circuit Court for the Northern District of Illinois, the case being this:

By section 4 of the act of March 3d, 1865,* it is provided that parties may submit the issues of fact in civil cases, to be tried and determined by the court, without the intervention of a jury; and it declares what the effect of such finding shall be, and how and under what circumstances there may be a review of such judgments.

The language of the section on this subject is thus:

" The finding of the court upon the facts, which finding shall be general or special, shall have the same effect as the verdict

---

* 13 Stat. at Large, 501.

of a jury. The rulings of the court in the cause, *in the progress of the trial,* when excepted to at the time, may be reviewed by the Supreme Court of the United States upon a writ of error, or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment."

With this statute in force, Norris brought ejectment in the court below against Jackson, submitting the case to the court without the intervention of a jury. Both parties derived title from one Woodruff; the plaintiff by judicial sale, the defendant as tenant of one Gitchell, to whom Woodruff had sold the lands *bonâ fide* some time before the judicial sale. This judicial sale, under which the plaintiff claimed, was made eleven days after the lien of the judgment on which the execution issued had expired, and this fact made it, under the statutes of Illinois, as the defendant contended, a nullity.

To counteract the effect of this too long delay, the plaintiff in the progress of the trial offered to prove that after the levy of the execution on the land in question, Gitchell, the landlord of the defendant Jackson, and the real party in interest, had agreed to pay the judgment, and had requested and obtained, from the attorney holding the same for collection, a delay of the sale of the land so levied on for fifteen or more days, when he refused to make payment as he had agreed to do, whereby the marshal's sale of said land was necessarily deferred till eleven days after the lien had expired.

The court rejected the evidence, and judgment having been given for the defendant, the plaintiff brought the case here. On its coming up, the transcript showed a long bill of exceptions, embracing all the evidence, which consisted of judgments, executions, deeds, depositions, admissions, and agreements of the parties, at the close of which it was said that " the foregoing was all the cause, and the court thereupon found the issues and rendered judgment for the de fendant, to which decision and ruling of the court, the plaintiff then and there excepted."

*Mr. A. F. Miller, for the plaintiff, both below and here,* insisting particularly as error upon the rejection of the evidence which had been offered to show the cause of the delay, rested his case in part upon other matter embraced in the bill of exceptions.

*Mr. S. W. Fuller, contra,* argued that the attention of the court was confined to a single point.

Mr. Justice MILLER delivered the opinion of the court.

The first thing to be observed in the enactment made by the 4th section of the act of 3d March, 1865, allowing parties to submit issues of fact in civil cases to be tried and determined by the court, is that it provides for two kinds of findings in regard to the facts, to wit, general and special. This is in perfect analogy to the findings by a jury, for which the court is in such cases substituted by the consent of the parties. In other words, the court finds a general verdict on all the issues for plaintiff or defendant, or it finds a special verdict.

This special finding has often been considered and described by this court. It is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest.*

The next thing to be observed is, that whether the finding be general or special, it shall have the same effect as the verdict of a jury; that is to say, it is conclusive as to the facts so found. In the case of a general verdict, which includes or may include, as it generally does, mixed questions of law and fact, it concludes both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law.

In the case of a special verdict, the question is presented

---

* Burr *v.* Des Moines Co., 1 Wallace, 99; Graham *v.* Bayne, 18 Howard, 62

as it would be if tried by a jury, whether the facts thus found require a judgment for plaintiff or defendant; and this being matter of law, the ruling of the court on it can be reviewed in this court on that record. If there were such special verdict here, we could examine its sufficiency to sustain the judgment. But there is none. The bill of exceptions, while professing to detail all the evidence, is no special finding of the facts.

The judgment of the court, then, must be affirmed, unless the bill of exceptions presents some erroneous ruling of the court *in the progress of the trial.*

The only ruling in the progress of the trial to which exception was taken by plaintiff, was to the refusal of the court to permit him to prove that Gitchell, the landlord of defendant, had promised to pay the judgment under which the land was sold to plaintiff.

We do not see that this was a matter of which plaintiff, a volunteer purchaser, had any right to complain. It could not extend the lien of the judgment beyond the time fixed by law, which seems to be the purpose for which it was offered.

We have taken some pains to comment on the mode in which cases tried by the court, which are properly triable by a jury, may be reviewed here. Attention was called to the statute of 1865, in the case of *Insurance Co.* v. *Tweed*,* and we condense here the results of an examination of that statute.

1. If the verdict be a general verdict, only such rulings of the court, *in the progress of the trial*, can be reviewed as are presented by bill of exceptions, or as may arise on the pleadings.

2. In such cases, a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury.

3. That if the parties desire a review of the law involved in the case, they must either get the court to find a special verdict, which raises the legal propositions, or they must

---

* 7 Wallace, 44.

present to the court their propositions of law, and require the court to rule on them.

4. That objection to the admission or exclusion of evidence, or to such ruling on the propositions of law as the party may ask, must appear by bill of exceptions.

As the only ruling of the court in this case that we can examine seems to have been correct, the judgment is

AFFIRMED.