SYLVANUS MAYO, Appellant, *v.* DELORME KNOWLTON, Respondent.

The complaint herein set forth two causes of action, one, to rescind a purchase of stock and recover back the purchase-price upon the ground that defendant, who was employed as agent to purchase stock for plaintiff, sold to him his own stock, retaining the purchase-price; the other, to recover damages for false representations inducing the purchase. Upon the trial evidence was given in support of both causes of action. The court submitted to the jury the question of false representations, which was found in favor of defendant, but refused to submit to it the first cause of action. *Held*, error; that while the two claims were inconsistent and plaintiff was not entitled to recover upon both, he was entitled, and the court should have requested him to elect upon which he would proceed, and should not have elected for him.

Plaintiff proved the averments of the first cause of action as to the employment of defendant to purchase, as his agent, the shares of stock specified and the transfer to him of defendants own stock; also, that thereafter the assets of the corporation were conveyed to another corporation, the stock of the former being convertible into the stock of the latter, that plaintiff caused his to be so converted; that subsequently discovering that defendant had sold him his own stock, plaintiff, for the purpose of making a tender, borrowed the same amount of stock of the old company which had not been converted, tendered it to defendant and demanded repayment of the purchase-price, which was refused. *Held*, that plaintiff had the right to rescind on discovery of the fraud; that the stock borrowed not being distinguishable from the stock purchased, and plaintiff having acquired the right to transfer it to defendant and give a good title thereto, the tender was good.

Also *held*, that the question whether or not the rescission was in time should have been submitted to the jury.

(Argued April 29, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made June 9, 1890, which affirmed a judgment in favor of defendant, entered upon a verdict.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Charles N. Morgan* for appellant.

*John R. Tresidder* for respondent.

HAIGHT, J. The complaint alleges two causes of action. The first allegation is, in substance, that at various times between the first day of June and the first day of September, 1882, the defendant agreed to purchase for the plaintiff, as his agent, four thousand shares of the stock of the Silver King Mining Company; that in pretended fulfillment of such agreement, and with the intent to deceive and defraud the plaintiff, the defendant caused to be transferred to the plaintiff the stock of the company belonging to himself, and received and retained to his own use the money paid therefor; that in the month of June, 1886, the plaintiff first became informed of the facts, and thereupon tendered to the defendant the stock received from him and demanded the return of the money paid. The second cause of action, in substance, alleges that the plaintiff purchased of the defendant the stock in question, and that in order to induce such purchase the defendant falsely and fraudulently represented the stock to be of a value largely in excess of the sum paid per share, and that a dividend of ten per cent had been declared thereon, and demanded the damages sustained by reason of such false and fraudulent representations.

Upon the trial evidence was given in support of both causes of action. At the conclusion of the evidence the court sub-

mitted to the jury the question of fraudulent representations embraced in the second cause of action alleged in the complaint, after which the plaintiff asked to have the first cause of action alleged submitted to the jury, and upon the refusal of the court took an exception thereto. The jury found for the defendant, and the judgment entered upon such verdict has been affirmed by the General Term upon the ground that the evidence did not establish a rescission of the contract by the plaintiff by reason of his failure to tender to the defendant the stock received from him.

The first cause of action alleged in the complaint is based upon a rescission of the contract by reason of the fraudulent performance thereof, and is to recover the purchase-price of the stock, whilst the second cause of action is based upon an affirmance of the contract by a retention of the stock and is to recover the damages sustained by the plaintiff by reason of the false representations made by the defendant in reference to its value, etc. The two claims are based upon conflicting or inconsistent theories, and the plaintiff was not entitled to recover upon both. Six of the jurors might find in his favor upon the first, and against him on the latter, whilst the other six jurors might find in his favor upon the second and against him upon the former. If entitled to recover back the purchase-price of the stock, he would not be entitled to recover for the damages sustained by reason of its being of less value than that which he paid for it. If he was entitled to recover damages for the false representations made in reference to its value, etc., he would not be entitled to recover the purchase-price. So that he did not have the right to have both causes of action submitted to the jury. The court might properly have required him to elect as to which one he would have submitted, but instead of doing this, the court saw fit to submit the second and refused to submit the first, thus electing for him. This the court should not have done.

If, as is claimed, the defendant agreed to purchase for the plaintiff, as his agent, four thousand shares of the stock of the Silver King Mining Company, and in the pretended fulfill-

ment of such agreement and with the intent to deceive and defraud the plaintiff, the defendant caused to be transferred to him the stock of the company belonging to himself, and received and retained to his own use the money paid therefor, the plaintiff, upon the discovery of the fraud, had the right to rescind the contract because of its fraudulent performance and recover back the purchase-price paid. (*Taussig* v. *Hart*, 58 N. Y. 425 ; *Conkey* v. *Bond*, 36 id. 427.)

We are thus brought to the question as to whether there is evidence that the plaintiff rescinded. It appears from his testimony that in the latter part of the year 1882 the property and assets of the Silver King Mining Company were conveyed to the Silver King Mining and Tunnel Company, and by agreement the stock of the former company was convertible into the stock of the latter company ; that the plaintiff had procured his stock to be so converted ; that upon the discovery of the fraud practiced upon him he borrowed four thousand shares of the stock of the Silver King Mining Company, which had not as yet been so converted, and tendered the same to the defendant and demanded the repayment to him of the purchase-price, with the interest that had accrued thereon ; that the stock so borrowed by the plaintiff was borrowed for the purpose of making the tender to the plaintiff.

Undoubtedly, when the purchaser of personal property capable of identification and description has sold and parted with the same before the discovery of fraud practiced upon him in the purchase, he will be left to an action for damages. Having parted with the property he can no longer rescind by tendering back that which he had received. But the stock had no ear-mark ; one share was the same as another, and could not be identified or distinguished therefrom. Each share represented an equal interest in the property and assets of the corporation, so that if the defendant had accepted the four thousand shares of the stock tendered to him he would have had the same interest in the property and assets of the company as that sold to him by the plaintiff. (*Horton* v. *Morgan*, 19 N. Y. 170–173.)

True, a new company had been organized and the assets of the old had been transferred to the new company. The plaintiff had converted his old stock into the stock of the new company, but it is not seen how this should deprive him of his right to rescind, provided he is able to do so. He found stock of the old company which had not as yet been converted, and borrowed it for the purpose of making the tender. Having borrowed it for that purpose, he had the right to transfer it to the defendant and give him a good title thereto, thus restoring him to all the rights and property parted with. We fail to see any reason why this may not be done.

In the case of *Champion* v. *Joslyn* (44 N. Y. 653–658) the trial court in charging the jury upon the question of a tender said " it must be stock to which he has a right, not stock the certificates of which he has borrowed, having no title to the stock, simply to go through the form of a tender." To this an exception was taken, and on review the court says in reference thereto that " if the defendants had lawfully obtained the certificates and were invested with the power to transfer them, it was of no consequence to the plaintiff whether they had borrowed them or were the unqualified owners." (See also *Burrall* v. *Bushwick R. R. Co.*, 75 N. Y. 211 ; *Barclay* v. *Culver*, 30 Hun, 1 ; *Nourse* v. *Prime*, 4 Johns. Ch. 490.)

A purchaser of property, in order to rescind, must do so promptly upon the discovery of the fraud. (*Cobb* v. *Hatfield*, 46 N. Y. 533.)

The plaintiff purchased the stock in the summer of 1882 and he did not attempt to rescind until the year 1886, but he tells us that he did not discover that the defendant had delivered his own stock until that time. Whilst this fact might have been found against him, we think the question was one that should have been submitted to the jury.

The judgment should consequently be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.