Action for goods sold by Fred L. Conroy against J. Edward Boeck. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Jacob Marx, for appellant.

Franklin Bien, for respondent.

BISCHOFF, J.   The action was for certain goods sold to and work done at the request of the defendant by Smith & Co., the plaintiff's assignor, and the defense proceeded upon an alleged agreement that the value of the goods and the work was to be charged to the defendant's commission account with Smith & Co., by whom he was employed as salesman; the answer alleging an excess of commissions over the amount in suit. This defense was open to the construction that it involved a set-off, and, in this aspect, proof that the whole claim to commissions was in suit in an action brought by an assignee of the defendant prior to the commencement of this action was relevant. The defendant's objection to the evidence was not sufficiently specific to present error upon the grounds now urged.

Upon the merits, we find no sufficient ground for disturbing the justice's conclusion that the goods and work in suit were subject to no agreement whereby payment was to be deferred to the adjustment of the commission account. The issue was presented upon a conflict of testimony, and the better credibility was by no means necessarily with the defendant, upon whom rested the burden of proof.

The contention that the defendant was improperly denied the right to use the books of the plaintiff's assignor, Smith & Co., overlooks the fact that no ground was suggested at the trial for the use of these books which was not covered by plaintiff's admission upon the record, and it is too late to raise other points now.

The defendant calls attention to the omission of proof of the assignment of the cause of action to the plaintiff, but here, again, the defect is specified for the first time on appeal; not being brought to the attention of the trial court by the general motion to dismiss the complaint. Thayer v. Marsh, 75 N. Y. 340. Moreover, the assignment is marked as an exhibit and annexed to the return, presumably because it was offered at the trial. If not, the appellant should have caused the return to be corrected.

The points raised do not call for a new trial, and the judgment is therefore affirmed, with costs. All concur.

---

(99 App. Div. 545)

FRIEZE v. ALABAMA GREAT SOUTHERN R. CO.

(Supreme Court, Appellate Division, Second Department.   December 15, 1904.)

1. PLEADING—INCONSISTENT COUNTS—ELECTION.

A statute of Alabama makes a common carrier liable where it issues a bill of lading for goods which it has not received for carriage, or issues a bill of lading and makes but partial delivery thereunder. A complaint

contained two counts; one charging the carrier with not having delivered all that it received, as indicated by the bills, and the other with having issued bills for more than it received. *Held,* that plaintiff should not be compelled to elect before trial on which count of the complaint he would rely.

2. APPEAL—ORDERS APPEALABLE—REFUSAL TO COMPEL ELECTION.

Where a motion to compel an election between counts of the complaint is made at the trial, its denial is discretionary; but, when the inconsistency appears on the face of the complaint, defendant, before answering, may move that plaintiff elect, and in that case an order denying the motion is appealable.

Appeal from Special Term.

Action by Lyman B. Frieze, Jr., against the Alabama Great Southern Railroad Company. From an order denying a motion that plaintiff elect between causes of action, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles MacVeagh (Vivian Spencer, on the brief), for appellant. Leavitt J. Hunt, for respondent.

JENKS, J. The plaintiff is the assignee of the holder of two bills of lading, and the defendant is a common carrier. The litigation arises over the contention that the defendant did not deliver in full two certain shipments of cotton received by it in the state of Alabama, and upon which it issued the bills of lading. There are four causes of action pleaded. The first and third causes are similar, and relate to the first shipment, and the second and fourth causes are similar, and relate to the second shipment. The plaintiff pleads a statute of Alabama which casts liability upon a common carrier who either, not having received things for carriage, shall issue a bill of lading therefor, or who shall issue a bill of lading, and shall make but partial delivery thereunder. The situation is plain enough. The holder of the bills complains because he did not receive all the property covered by them. And his proposition is that either the carrier did not deliver all that it received as indicated by the bills, or, if it delivered all that it received, it issued the bills for more than it received. He contends that the common carrier is liable in either event, and this is the sum and substance of his pleading.

I think that the motion made at Special Term before answering to compel the plaintiff to elect was properly denied. Presumably, all that the plaintiff knows is that there were not the deliveries called for by the bills. If there were not, then the reason therefor is presumably known to the defendant. In advance of the trial the plaintiff should not be put to the peril of an election, when his action is merely based upon deliveries not in compliance with the defendant's bills. The learned counsel for the defendant says that he cannot answer without jeopardy of a motion for judgment. But there is nothing inconsistent if the defendant is asked to answer whether it did receive all of the cotton, and did not deliver it, or, did not receive all of the cotton, but delivered all cotton which

was received. If the defendant must answer one way or the other specifically, yet there may be other facts which avoid its liability in either case. If not, and the facts warrant judgment, why should the court delay it? It may well be that when the cause comes to trial the evidence presented may justify the court, upon request, to require an election. Mayo v. Knowlton, 134 N. Y. 250, 31 N. E. 985.

The point is made that the order is not appealable. It is settled, where the motion is made at the trial, that the denial is discretionary. Tuthill v. Skidmore, 124 N. Y. 148, 26 N. E. 348, and authorities cited. But in the same case it is said that, when the inconsistency plainly appears on the face of the complaint, the defendant, before answering, should move that the plaintiff elect; citing Cassidy v. Daly, 11 Wkly. Dig. 222, on opinion at the former General Term of this department, per Gilbert, J.

The order should be affirmed, with $10 costs and disbursements. All concur.