# KINGAN & COMPANY *v.* BEALL.

---

TRIAL; WAIVER OF JURY; FINDING OF FACT BY COURT.

A finding by the trial court upon conflicting evidence in a case tried without a jury will not be disturbed on appeal to this court, in view of sec. 649, U. S. Rev. Stat. (Comp. Stat. 1913, § 1587), providing that when a jury has been waived the finding of the court shall have the same effect as the verdict of a jury.

No. 2672. Submitted October 12, 1914. December 7, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia granting claimant's petition for the delivery of certain attached property to him as the owner thereof.                                                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

Kingan & Company appellant, recovered a judgment on May 16, 1913, against J. Noble Hoover for the sum of $923.85. Execution issued thereon May 17, levied by the marshal upon twenty-eight tubs of lard valued at $205.80. Property was sold, and proceeds were in the hands of the marshal, when, on May 27, 1913, Irving S. Beall filed a petition in the cause, claiming the goods levied upon as property purchased March 5, 1913, and praying that the court order the marshal to deliver the goods and chattels to him as the owner thereof.

The cause was submitted to the court without a jury for hearing upon the law and facts. Judgment was rendered on behalf of the claimant, and plaintiff's exception is to the finding of the court, because the evidence was insufficient in law to justify such finding.

*Mr. Arthur A. Birney* for the appellant.

*Mr. A. E. L. Leckie* and *Mr. Joseph W. Cox,* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Section 649, Rev. Stat. Comp. Stat. 1913, § 1587, provides that when a jury has been waived the finding of the court shall have the same effect as the verdict of a jury.

The testimony submitted on behalf of the plaintiff tended to show that Hoover was insolvent at the time of the transfer of the property, and that he was a retail market dealer, and made the sale at wholesale at less than the market price at the time.

Claimant's testimony tended to show that Hoover was in good credit at the time, and that claimant made the purchase in good faith, without notice of any intention to defraud creditors on the part of Hoover, and paid a valuable consideration. Upon this conflicting evidence the court found as a fact that the purchase was made in good faith, and awarded judgment to the claimant.

The statute providing that the finding of the court shall have the same effect as the verdict of a jury precludes an inquiry into the weight of the evidence. *Norris* v. *Jackson,* 9 Wall. 125, 127, 19 L. ed. 608, 609; *Boardman* v. *Toffey,* 117 U. S. 271, 29 L. ed. 898, 6 Sup. Ct. Rep. 734; *St. Louis* v. *Rutz,* 138 U. S. 226, 241, 34 L. ed. 941, 946, 11 Sup. Ct. Rep. 337; *Grayson* v. *Lynch,* 163 U. S. 468, 472, 41 L. ed. 230, 231, 16 Sup. Ct. Rep. 1064.

The judgment is therefore affirmed, with costs.    *Affirmed.*