WHITTIER *v.* ELECTRIC REFRIGERATION CORPORATION.

LICENSES—BLUE SKY LAW—RESCISSION—TENDER SUFFICIENT IF DE-
FENDANT PLACED IN STATU QUO.

In an action to recover the purchase price paid for corporate
stock on rescission of sale on the ground that it was in vio-
lation of the blue sky law (Act No. 220, Pub. Acts 1923),
tender back of the equivalent stock to the amount sold plaintiff,
together with dividends received and interest thereon, was suffi-
cient, and it is no defense that the shares tendered were not the
identical ones sold him; under section 20 the tender being
sufficient if it placed defendant *in statu quo.*

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J. Submitted January 24, 1929.
(Docket No. 68, Calendar No. 33,930.) Decided
March 29, 1929.

Assumpsit by Harry L. Whittier against the Elec-
tric Refrigeration Corporation to recover purchase
price paid for corporate stock on rescission of sale.
Judgment for plaintiff. Defendant brings error.
Affirmed.

*MacKay, Wiley, Streeter, Smith & Tucker,* for
appellant.

*Knappen, Uhl & Bryant,* for appellee.

WIEST, J. This case, except in two particulars,
is ruled by *Harvey* v. *Electric Refrigeration Corpo-
ration, ante,* 235.

Plaintiff herein sold his stock holdings before he
discovered right to have return of his money. Be-
fore suit he made tender of equivalent stock to the

amount sold him, together with dividends received and interest thereon. The tender was refused, and defendant contends that it was no tender, because not the same stock sold by it to plaintiff, and plaintiff, having sold his stock holdings, cannot now recover what he paid defendant for the same. The statute, section 20, Act No. 220, Public Acts 1923, adopts, and this court, in *Joslin* v. *Noret,* 224 Mich. 240, applied, the common-law rule that, upon rescission, there must be return made so as to place defendant *in statu quo.* Defendant has plaintiff's money. Plaintiff tendered back the equivalent of all he had received, and it was no defense to claim that the shares tendered were not the identical shares sold him. *American Alkali Co.* v. *Salom,* 131 Fed. 46 (certiorari denied, 196 U. S. 641); *Schultz* v. *O'Rourke,* 18 Mont. 418 (45 Pac. 634). Plaintiff's right to relief accrued to and remained in him subject only to restoration of the *status quo.* He tendered restoration, and is entitled to have return of what he paid defendant, less dividends received, with interest thereon.

There was no valid defense, and the judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.