VOGLER *v.* GUSTIN.

1. CORPORATIONS—LICENSES—BLUE SKY LAW—RESCISSION—TENDER.
   Purchaser seeking to rescind purchase of corporate stock sold
   in violation of blue sky law (2 Comp. Laws 1929, § 9788) must
   tender back stock and keep good offer to put sellers *in statu
   quo.*

2. SAME—CERTIFICATES OF STOCK MERELY EVIDENCE OF PROPERTY.
   Certificates of corporate stock are merely evidence of property
   in shares.

3. SAME—RIGHT TO RESCIND ON TENDER OF EQUIVALENT STOCK.
   Where purchaser of corporate stock sells it before discovering
   his right to rescind and recover purchase price, he may re-
   cover on tender of equivalent stock.

4. SAME—RESCISSION—TENDER—STATU QUO.

Where purchaser seeking to rescind purchase of corporate stock sold in violation of blue sky law and recover purchase price did not keep tender of stock good, and, at time of trial, could not put sellers *in statu quo* because stock offered carried limitation of rights not attached to stock purchased, he was not entitled to recover.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted January 28, 1932. (Docket No. 169, Calendar No. 36,262.) Decided March 2, 1932.

Assumpsit by Harold J. Vogler against Nelson S. Gustin and others for the purchase price of stock sold contrary to Blue Sky Law (2 Comp. Laws 1929, § 9788). Judgment for defendants. Plaintiff appeals. Affirmed.

*Stevenson, Butzel, Eaman & Long* (*Leo W. Kuhn,* of counsel), for plaintiff.

*Nelson S. Gustin et al., in pro. pers.,* for defendants.

FEAD, J. In January and February, 1926, defendants sold to plaintiff some Class B stock of Copeland Products, Incorporated, owned by them, but which had not been accepted for filing by the Michigan securities commission. On March 13th, plaintiff tendered back the stock and demanded return of the purchase price, as provided by section 20, Act No. 220, Pub. Acts 1923 (2 Comp. Laws 1929, § 9788). Return being refused, he commenced this suit to recover the price paid. Defendants had judgment on trial before the court without a jury.

Plaintiff's stock was paid for by brokers, to whom defendants sent it for collection on plaintiff's order and to whom plaintiff pledged it as collateral to

loans.   The stock certificates were kept in "street form," which means that they were indorsed in blank to pass by delivery.   Plaintiff testified:

"They (the brokers) don't keep my stock separate and apart from the same kind of stock of other persons, and when I get my stock back I don't get the same certificates back.   I have never known to have gotten the same certificates from a broker.   They have—in a particular contract you make with a broker—they have the right to substitute, borrow, sell, and do all sorts of things with your certificates. I had a credit with my broker for so many shares of stock of a certain kind.   When I call for delivery I get that number of shares and they may give shares that were issued a long time ago, or issued within just a few days."

The certificates presented by plaintiff in court, and upon which recovery was asked, were dated March 6, 1929.   The testimony showed that on April 13, 1926, shortly after the tender, the articles of association of the Copeland Products, Incorporated, were amended to provide that Class B stock should not be entitled to participate in increased capitalization of the company, a privilege which attached to the stock defendants sold to plaintiff.   While other points are made, this situation is determinative of the case.

The common-law rules of rescission govern the action (*Joslin* v. *Noret,* 224 Mich. 240; *Whittier* v. *Electric Refrigeration Co.,* 246 Mich. 247); and, to recover, plaintiff must tender and keep good the offer to put defendants *in statu quo.*   Certificates of stock are merely the evidence of property in the shares (*Eastman* v. *Kendall,* 256 Mich. 215), and, where the purchaser sells the stock before he discovers the right to have return of his money, he may

recover on tender of equivalent stock (*Whittier* v. *Electric Refrigeration Co., supra*).

But, at bar, plaintiff did not keep the tender good, and, at the time of trial, could not put defendants *in .statu quo,* because. the stock he then offered carried limitations of rights not attached to the stock defendants sold him.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.