tuted no protection to the respondent in continuing plaintiff's imprisonment until compliance with such dirction in the order. An order requiring plaintiff to give a bond to secure future alimony within a reasonable time fixed in such order would have been proper and within the power of the court to grant, but the further direction contained in the same order, fixing no time within which plaintiff might comply with such direction, but directing that he be committed to jail and detained in close custody until he had given the bond in question, was clearly beyond the jurisdiction of the Special Term and is void. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

ELIZABETH PRITZKER, Appellant, v. ERIC WYSER and Others, Copartners Doing Business under the Firm Name and Style of WYSER & DINER, Respondents. (Appeal No. 2.) — Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff for the amount paid by her to defendants, $4,550, with interest, and the defendants' counterclaim dismissed, with costs. In our opinion, the documentary evidence introduced on the trial of this case establishes by the greater weight of evidence that the agreement between the parties was that the defendants should act as brokers for plaintiff in all of the transactions in question, and the finding of the trial court to the contrary and that the agreement was that the defendants should act as principals is against the weight of evidence. As the defendants conceded at the opening of the trial that they did act as principals and as, in so acting, they violated their agreement with plaintiff and their duty to her as her brokers, and as she, upon learning such fact, repudiated the transactions, she is entitled to recover the amounts paid to them by her. (*Mayo* v. *Knowlton*, 134 N. Y. 250; *Taussig* v. *Hart*, 58 id. 425; *Stiebel* v. *Lissberger*, 166 App. Div. 164.) Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in conformity therewith. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

ELIZABETH PRITZKER, Appellant, v. ERIC WYSER and Others, Copartners Doing Business under the Firm Name and Style of WYSER & DINER, Respondents. (Appeal No. 1.) — In view of the decision in *Pritzker* v. *Wyser* (*ante*, p. 734), decided herewith, the appeal from the order denying motion to reopen the trial is dismissed. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST GLANTZ, Appellant.— Judgment of conviction of the County Court of Nassau county reversed on the law, indictment dismissed and bail exonerated. No evidence was adduced to support the finding of the jury. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM KAPLAN, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. SLATER, Relator, v. EDWARD P. MULROONEY, as Police Commissioner of the City of New York, Respondent.— Determination of the police commissioner unanimously confirmed and certiorari proceeding dismissed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.