## EASTMAN *v.* KENDALL.

1. BROKERS—RIGHTS OF BROKER WHERE CLIENT REJECTS STOCK PURCHASED FOR HIM.
   Broker purchasing stock for client has right to have payment before delivery, and unless client unequivocally rejects stock, broker is bound to stand ready to perform, and, in meantime, as pledgee, to conserve client's rights as owner.

2. SAME—WHEN BROKER CREDITOR AND WHEN PLEDGEE.
   Broker, in paying for stock purchased for client, becomes creditor, and, in retaining stock as security for money advanced, becomes pledgee.

3. SAME—BROKER AS PLEDGEE HAS RIGHT TO CONSERVE CLIENT'S INTEREST—EXCHANGE FOR STOCK IN MERGED CORPORATION.
   Where client did not unequivocally reject corporate stock purchased for him by broker, latter was not required to give

client notice and sell stock in open market, but he had right to hold it, and, while so holding, to conserve client's interest by exchanging it for stock in consolidated corporation with which original corporation had merged.

4. SAME—RIGHT OF CLIENT TO PARTICULAR SHARES.

Client has no fixed right to particular shares purchased for him by broker.

5. SAME—TENDER—SUFFICIENCY.

Where broker, purchasing corporate stock for client who failed to accept it, tendered stock of original corporation and also like amount of stock in consolidated corporation with which original corporation had merged, tender was sufficient.

Appeal from St. Clair; George (Fred W.), J. Submitted October 21, 1931. (Docket No. 149, Calendar No. 35,828.) Decided December 8, 1931.

Assumpsit by Thomas C. Eastman and others, copartners doing business as Eastman, Dillon & Company, against Harry H. Kendall to recover sums expended for purchase of shares of stock on his behalf. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Walsh, Walsh & O'Sullivan* (*Beaumont, Smith & Harris,* of counsel), for plaintiffs.

*Cady & Pepper,* for defendant.

WIEST, J. At the oral request of defendant, plaintiffs, copartners, on September 10, 1929, purchased for him 10 shares of stock of the Union Commerce Corporation, paid $3,250 therefor, and $20 commission to a broker, and the next day forwarded the same, with draft attached, to defendant. Defendant did not accept, and the stock and draft were re-

turned to plaintiffs. Subsequent efforts proved unavailing, although defendant recognized that it was his purchase. Shortly thereafter the Union Commerce Corporation merged with the Guardian Detroit Union Group, and, on or about December 31, 1929, plaintiffs exchanged the stock, share for share, for stock in the Guardian Detroit Union Group, without notice to defendant. Plaintiffs tendered into court the 10 shares of the Guardian Detroit Union stock, also 10 shares of Union Commerce Corporation stock, and had judgment against defendant for the money they had expended for and on his behalf at his request.

The rule for the measurement of damages is the question presented.

Counsel for defendant contend that the facts remove this case from the general rule, permitting recovery of the amount paid upon tender of the certificates, and urge that it was the duty of plaintiffs to sell the stock in the open market and thus mitigate the damages. Upon purchase for defendant, the plaintiffs held the stock for him, subject to right to have payment before delivery, and, unless defendant unequivocally rejected the stock, plaintiffs were bound to stand ready to perform, and, in the meantime, as pledgees, to conserve the rights of defendant as owner. In paying for the stock, plaintiffs became creditors, and in retaining the stock as security for the money advanced, they were pledgees.

That the stock is pledged by the customer for due payment is the rule in this State. *Austin* v. *Hayden,* 171 Mich. 38 (Ann. Cas. 1915B, 894). The customer has no fixed right to particular shares purchased by the broker. See *Richardson* v. *Shaw,* 209 U. S. 365

(28 Sup. Ct. 512, 14 Ann. Cas. 981), where it was pointed out that:

"The certificate of shares of stock is not the property itself, it is but the evidence of property in the shares.  *  *  *  It is a misconception of the nature of the certificate to say that a return of a different certificate or the right to substitute one certificate for another is a material change in the property right held by the broker for the customer."

Defendant did not unequivocally reject the stock. He was evidently unable to pay for it at the time.

Plaintiffs were not required to give defendant notice and sell the stock in the open market, but had a right, in the absence of an unequivocal refusal to take the stock, to hold it for defendant, and, while so holding, to conserve his interest in the manner mentioned so as to obtain dividends thereon. The tender was sufficient.

The judgment is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred with WIEST, J.

FEAD, J. (*concurring*). Because plaintiffs' tender included stock in both original and merged corporations, I concur; but without expressing opinion upon the right of a broker, without notice to the customer, to agree to a merger.

McDONALD, SHARPE, and NORTH, JJ., concurred with FEAD, J.