CARROLL, CHAS., Chief Judge.
The appellee, a stockbroker, filed an action at law in the Circuit Court for Dade County to recover damages for an alleged breach of contract by a customer, the appellant Edward Mass, relating to a purchase of stock for the latter.
The plaintiff broker alleged that on October 10, 1955, the customer Edward Mass had orally authorized and requested the broker to purchase for him 500 shares of National Union Life Insurance Company common stock at $35.125 per share; that the broker executed the order by purchasing the stock, and that notice of its purchase together with a statement calling for payment was sent to the customer on October 17; that when no response was received a second such notice was sent on October 28, to which the customer responded on November 3, with a telegram to the broker disclaiming the purchase of the stock.
On the trial, verdict was rendered for the plaintiff which settled in plaintiff’s favor the issue raised by defendant’s denial that he ordered the stock and authorized its *837 purchase at said price. No question is raised here regarding that feature of the case.
The question to be determined on this appeal is whether or not a correct measure of damages was applied.
The plaintiff requested, and the court gave the following charge, which was assigned as error:
“If you find that the evidence presented in this case shows that the defendant entered into a contract with the plaintiff whereby the defendant instructed the plaintiff to purchase for the defendant’s account 500 shares, common stock of National Union Life Insurance Co. at and for the price of $35,125 per share, and that tha plaintiff did purchase the stock for the account of the defendant, then you must find that the defendant is indebted to the plaintiff for the purchase price of $17,562.50, as shown by the statement rendered by the plaintiff to the defendant, plus interest at the legal' rate of interest of 6% thereon from the date of settlement of account, to-wit: October 17, 1955, to this date, less the present market value of the stock.”
Under that charge, if the jury found, as in fact it did, that the customer had ordered the stock and then refused to accept it from the broker, the jury was instructed to return a verdict for the plaintiff for the price of the stock ($17,562.50) with interest, after deducting therefrom the market value of the stock as of the date of the trial, which was June 22, 1956.
The evidence disclosed that the value of the stock at the date of the trial was $5.25 a share; thus, according to the court’s charge as above quoted, the amount of the verdict should have been $14,937.50, plus proper interest.
However, the verdict was for the full price, and judgment was entered for that amount, based on the verdict. Thereafter the court made an order denying a motion for a new trial; on condition of a remittitur, directing that $2,625, representing the value of the stock at the date of the trial, should be deducted from the purchase price of $17,562.50, and that the interest which the jury had been instructed to find, but which had not been included in the verdict, should also be allowed in the amount of $717.13. The order of remittitur had the effect of reducing the amount of the judgment from $17,562.50 to $15,654.63. - .
That order of the court on the motion for new trial also recognized that the broker was retaining the stock, and the order provided that the purchaser should have no right, title or interest in the stock.
The customer, the appellant here, has assigned as error (1) the refusal of the trial court to permit the introduction of evidence to establish the value of the stock as of the date of the purchaser’s rejection of the transaction, November 3, 1955; (2) the refusal to charge the jury, in effect, that the measure of damages would be the difference between the purchase price of the stock and the value thereof at the time of that breach of contract; and (3) the charge relating to the measure of damages, given by the court as quoted above.
Notice of appeal was directed to the final judgment and to the order denying motion for new trial on condition of remittitur.
In dealings between a stockbroker and a customer, when an authorized purchase of stock is 'made by a broker, and the customer defaults by refusing to accept and pay for the stock, the broker has an election of remedies. He may treat the stock as the property of the customer, and sue for the full purchase price upon a tender of the stock; or, he may sell the stock promptly or within a reasonable time, and recover the difference between the purchase price and the amount received on such sale. If the broker chooses to retain the stock and treats it as his own, as was done in this instance, the second of those *838 remedies is applicable, and the measure of his damages is the difference between the purchase price and the amount for which the stock could have been sold on the date of default or within a reasonable time thereafter. Geary v. Blomerth, 309 Mass. 91, 34 N.E.2d 922; Eastman v. Kendall, 256 Mich. 215, 239 N.W. 263; Ann.Cas.l915B, 921; 8 Am.Jur., Brokers, Sec. 66, p. 1023. See annotation, 44 A.L.R. 358-362.
It follows that the trial court was in error in refusing to permit the introduction of appellant’s evidence as to the value of the stock at the time of default and for a reasonable time thereafter, and in charging the jury that the measure of damages was the purchase price of the stock less the value at the time of the trial.
For the reasons stated, the judgment and the remittitur order are reversed, and the cause is remanded for a new trial on damages, to be admeasured as determined herein.
Reversed and remanded.
HORTON and PEARSON, JJ., concur.